IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KODY WALSH, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>LATOYA HUGHES, Acting Director of the Illinois Department of Corrections, in her official capacity, JEREMIAH BROWN, Warden of Lawrence Correctional Center, in his individual and official capacities, and JOHN DOE, in his individual capacity,<br><br>   Defendants. | Case No. 25-cv-194<br><br>*Jury Trial Demanded.* |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

1. This is a class action pursuant to 42 U.S.C. § 1983, challenging Defendants' unconstitutional and unreasonable use of a transport vehicle that subjects inmates to unacceptable and unreasonable pain and risk of injury.

2. As explained in detail below, Lawrence Correctional Center routinely transports its inmates in vehicles that can be fairly described as torture chambers on wheels – locked boxes that sit on the wheelbase of a van, with no shock absorbers and no cushions, that are bolted onto a vehicle's chassis.

3. As a result, when the van strikes any object in the road or hits a pothole, the passengers in the box are bounced around like popcorn in a microwave.

4. Lead Plaintiff Kody Walsh ("Kody") and numerous other inmates have been forced to ride in these "transport cages" on hours-long trips to medical facilities and courthouses.

5. Kody, on behalf of himself and a Class of similarly situated inmates, brings claims of unlawful and unconstitutional conduct by Defendants by requiring Class members to ride in these transport cages for hours at a time.

## JURISDICTION AND VENUE

6. This action arises under the Constitution of the United States, particularly the Eighth Amendment to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and under the laws of the State of Illinois.

7. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, §§ 1331 and 1343.

8. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code § 1331, as Plaintiff asserts claims under federal law. Venue is proper in the United States District Court for the Southern District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

9. Plaintiff KODY WALSH is an inmate at Lawrence Correctional Center, operated by the Illinois Department of Corrections.

10. LATOYA HUGHES is the Acting Director of the Illinois Department of Corrections. She is sued in her official capacity.

11. JEREMIAH BROWN is the Warden of Lawrence Correctional Center. He is sued in his individual and official capacities.

12. JOHN DOE is an employee at Lawrence Correctional Center who is responsible for requiring that inmates, including Kody, be transported in the transport cages described herein.

**FACTUAL ALLEGATIONS**

13. For an unknown but extensive period of time – on information and belief at least since 2008 – inmates at Lawrence Correctional Center have been required to be transported in steel cages that sit inside IDOC transport vans.[1]

14. On information and belief, these cages are referred to by IDOC staff as "secure transport vans".

15. A sketch by an inmate of one of these cages is attached hereto as Exhibit A.

16. The cages have no shock absorbers or cushions.

17. The cages are tiny, forcing some inmates to ride for up to 12 hours with their knees up almost in their chests.

18. One inmate described the cage in a grievance as "a steel metal cage with plastic glass windows. This cage has 3 pad locks on it. So, if the van was in a crash and rolled into a lake I would be dead…due to the [lack of] accessibility to save me. If the van crashed and caught fire I would be dead. The van is made of steel and has exposed screws. From the steel [ ] I suffered bruising to my knees and elbows and butt. The screws scarred my forearm leaving lacerations from being thrown up and down, side to side due to the bumps and pot hole[s] in the road from a 10-12 hour drive

---

[1] At this point, it is unclear whether there is one of these transport cages, or more, and whether – if there are more than one – they are all the same or slightly different.

from 7 am to 9 pm. I was placed in shackles and black bar which left bruising, cuts and swelling on my wrists."

19. Another inmate was forced to ride in one of the cages on a medical writ for a brain MRI because of frequent headaches. He described the ride as follows: "During this ride I was placed in the very back of the van inside of a dog cage with 3 separate pad locks that rattle so loud that they made my ears ring and made it hard for me to hear anything…every bump I was bouncing hitting my head on the roof of this cage, I mean to the point my neck was bending."

20. The ride caused him pain in his neck, back, and head. On a scale from 1 to 10, he described the pain as "an eleven". As a result, he has sought not only medical treatment, but mental health treatment. "I'm going crazy from even the thought of being subjected to being placed inside that dog cage", he wrote.

21. While they are in the cage, the inmates are shackled with waist or belly chains, their hands cuffed one on top of the other and secured with a black box with a padlock, so they cannot move their arms or hands. Their legs are shackled together.

22. When the inmates are finally removed from the cage after a trip, they often experience extreme pain, including leg spasms, cramps, and pain in their arms and chests, because of their inability to move any of their body parts, and because of the jerking movement of their bodies whenever the van goes over any type of pothole or uneven surface.

23. Many inmates also experience numbness in their hands and bleeding where the shackles cut into their skin after riding in a transport cage.

24. Some inmates voluntarily forego medical treatment rather than ride in one of the transport cages.

25. Kody has spoken to guards and medical personnel for assistance but has been told there is nothing they can do, and that Lawrence would refuse to honor a doctor's note stating that it was medically hazardous, as that has apparently been tried before.

26. Inmates have grieved the issue all the way to the Administrative Review Board, only to have their grievances denied because "it an administrative decision."

27. At least one of these cages has plexiglass windows, and is secured by three padlocks on the outside, making it virtually impossible to open quickly in the event of an emergency.

28. The inmates in this cage are seated facing the side of the cage, so when the van accelerates or brakes suddenly, the inmates slide uncontrollably left and right.

29. Because the inmates are restrained, they are unable to use their hands to steady themselves.

30. There are no seatbelts.

31. The cages also features exposed screws inches away from the inmates' bodies that result in injury to the inmates due to their body parts striking the exposed screws when the van strikes a pothole or other defect in the street.

32. On information and belief, the cages cause and/or exacerbate inmates' serious injuries.

33. Defendants Brown and Doe are well aware of the use of these cages, as numerous inmates have submitted grievances seeking relief from the cages, but the grievances are routinely denied, and the Defendants have failed and/or refused to address the issue.

## CLASS ALLEGATIONS

34. Pursuant to Federal Rules of Civil Procedure 23(a) and (b), the named Plaintiffs seek to represent a certified Plaintiff Class seeking injunctive, declaratory and compensatory relief and

consisting of all current, former, and future Lawrence inmates who have been forced to ride in the transport vans, or who will be forced to do so in the future.

35. The Class is so numerous that joinder of all members is impracticable.

36. In addition, joinder is impracticable because, upon information and belief, many members of the Class are not aware of the fact that their constitutional and statutory rights have been violated and that they have the right to seek redress in court. Many members of the Class are without the means to retain an attorney to represent them in a civil rights lawsuit. There is no appropriate avenue for the protection of the Class Members' legal rights other than a class action.

37. Joinder is additionally impracticable because Plaintiffs seek declaratory and injunctive relief on behalf of future members of the Class – inmates who will be subjected to the transport cages in the future – and therefore the membership of the Class will continue to expand for as long as the Defendants require inmates to ride in the transport cages.

38. The Class Members share questions of law and fact in common, including but not limited to:

   a. Whether Defendants have established and enforced practices and policies that encourage and/or require inmates to be placed in these transport cages, which are known to cause unnecessary pain and injury to inmates;

   b. Whether Defendants have failed to establish and/or implement policies, practices and procedures to halt the use of these unconstitutional transport cages, to mitigate and/or prevent the damages and injuries from occurring as a result of these transport cages, or to modify the transport cages so that they do not violate inmates' constitutional rights by causing severe injury, pain and discomfort, and presenting a risk of causing or exacerbating serious injuries to inmates, or to ensure that transport vehicles do not cause unnecessary pain, discomfort and harm, cause or exacerbate serious injuries.

   c. Whether Defendants' use of the transport cages and forcing inmates to ride in those cages constitutes deliberate indifference and violates Class Members' rights under the Eighth Amendment.

39. The named Plaintiff's claims are typical of those of the Class. Like other members of the Class, Kody has been and likely will again be forced to ride in these transport cages, which violates his right to be free from deliberate indifference and cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

40. The legal theories under which Kody seeks relief are the same or similar to those on which all members of the Class will rely, and the harms suffered by Kody are typical of the harms suffered by the Class Members.

41. Kody has a strong personal interest in the outcome of this action, has no known conflicts of interest with members of the Plaintiff Class, and is willing and able to fairly and vigorously represent the members of the proposed Class.

42. Kody is represented by the Law Office of Jordan Marsh LLC, an experienced and well-regarded civil rights law firm. Counsel for the proposed Class is an experienced civil rights attorney who has litigated and successfully settled a prior class action lawsuit resulting in a $2 million settlement and injunctive relief that benefitted the current and future detainees of the Will County Adult Detention Facility, and has extensive experience litigating and trying civil rights and prisoner rights cases throughout the state of Illinois. Counsel for the Plaintiff has the resources, expertise and experience to prosecute this action. Counsel for the Plaintiffs knows of no conflicts among members of the Class or between the attorney and members of the Class.

43. The Plaintiff Class should be certified pursuant to Federal Rule of Civil Procedure 23(b)(2) because the Defendants have acted on grounds generally applicable to the Class, thereby making class-wide declaratory and injunctive relief appropriate.

## COUNT I
## CRUEL AND UNUSUAL PUNISHMENT
## ALL DEFENDANTS

44. Each paragraph of this Complaint is incorporated as if restated fully herein.

45. Defendants' continued use of these transport cages results in unnecessary pain and suffering, and poses a substantial risk of serious injury or even death.

46. Defendants' continued use of these transport cages demonstrates deliberate indifference to the medical and safety needs of the inmates.

47. The use of these cages violates inmates' rights to be free from cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution.

## COUNT II – FEDERAL *MONELL* CLAIM
## POLICY AND PRACTICE
## DEFENDANTS HUGHES AND BROWN

48. At all times relevant to their involvement in this case, Defendants were responsible for the creation, implementation, oversight, and supervision of policies, practices, and procedures regarding the transportation of IDOC and Lawrence inmates on medical and court writs and for other purposes.

49. Specifically, there exist widespread policies or practices at IDOC and Lawrence, pursuant to which inmates are transported in the above-described transport cages by IDOC staff members, and grievances seeking relief from these transport cages are routinely denied.

50. The violations of Kody's and the Class members' Constitutional rights under the Eighth Amendment to the United States Constitution, as well as their damages, were (and are) directly and proximately caused by the actions and/or inactions of Defendants, who have, with deliberate indifference:

    a. established and enforced practices and policies that encourage and/or require inmates to be placed in these transport cages, which are known to cause unnecessary pain and injury to inmates;

    b. failed to establish and/or implement policies, practices and procedures to halt the use of these unconstitutional transport cages, or to mitigate and/or prevent the damages and injuries from occurring as a result of these transport cages, or to modify the transport cages so that they do not violate inmates' constitutional rights by causing severe injury, pain and discomfort, and presenting a risk of causing or exacerbating serious injuries to inmates.

51. As a direct and proximate result of Defendants' misconduct, Kody and the other class members have suffered, and continue to suffer severe physical and emotional injuries.

## PRAYER FOR RELIEF

The named Plaintiff and other members of the Class he seeks to represent respectfully request that the Court:

    A. Issue an order certifying this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) in the manner described herein, with the named Plaintiff as class representative;

    B. Issue a class-wide declaratory judgment that Defendants' use of the transport cage(s) violates the Eighth Amendment's prohibition on cruel and unusual punishment;

    C. Enter a permanent injunction prohibiting IDOC and all IDOC facilities from utilizing the transport cages or any similar mode of transportation and requiring that all inmate transport vehicles used by IDOC and IDOC facilities adhere to a minimum set of safety standards;

    D. Award compensatory and punitive damages to Kody and members of the proposed class;

    E. Award reasonable attorneys' fees and costs to Plaintiff;

    F. Award Plaintiff and the Class such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

                                                  Respectfully submitted,

**BY:**    **/s/ Jordan Marsh**
                *Attorney for the Plaintiff*

**LAW OFFICE OF JORDAN MARSH**
5 Revere Drive Suite 200
Northbrook IL 60062
(224) 220-9000
jordan@jmarshlaw.com