**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KODY WALSH, #M02530,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 25-cv-194-SMY** |
| | ) | |
| **LATOYA HUGHES,** | ) | |
| **JEREMIAH BROWN, and** | ) | |
| **JOHN DOE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff Kody Walsh is an inmate of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Lawrence Correctional Center. By Counsel, he filed a Class Action Complaint pursuant to 42 U.S.C. § 1983 for alleged deprivations of his and the class of other Lawrence inmates' constitutional rights (Doc. 1). Plaintiff claims defendants' practice of transporting inmates in a steel or plexiglass cage inside a van causes injury and creates unreasonable risks to his and other inmates' health and safety, in violation of the Eighth Amendment. He seeks declaratory and injunctive relief, monetary damages, and attorneys' fees. The Court determined the Complaint survived threshold review under 28 U.S.C. § 1915A and allowed the case to proceed (Doc. 6). This matter is now before the Court on three motions: Motion to Dismiss (Doc. 25) and Motion to Strike Plaintiff's Amended Complaint (Doc. 31) filed by Defendants Hughes and Brown; and Plaintiff's Motion for Leave to File Amended Complaint *nunc pro tunc* (Doc. 36).

### Discussion

Defendants moved to dismiss the Complaint for failure to state a claim on October 10, 2025

(Doc. 25).  Plaintiff did not respond to the motion by November 10, 2025, as provided by SDIL-LR 7.1(b)(1)(A), but filed an unopposed motion to extend the deadline on November 17, 2025 (Doc. 26).  The Court granted the motion, giving Plaintiff until December 12, 2025 to respond to the motion to dismiss (Doc. 27).  Instead of responding to the motion, on the December 12, 2025 deadline, Plaintiff filed a First Amended Class Action Complaint, without seeking leave of court to do so (Doc. 28).

On December 23, 2025, Defendants filed a Motion to Strike the Amended Complaint (Doc. 31), to which Plaintiff did not respond.  On March 25, 2026, Plaintiff filed a Motion for Leave to File Amended Complaint *nunc pro tunc* (Doc. 36).  Defendants oppose that motion (Doc. 37).

### Motion to Strike Amended Complaint (Doc. 31) and Motion for Leave to File Amended Complaint *nunc pro tunc* (Doc. 36)

Under Federal Rule of Civil Procedure 15(a), an amended pleading may be filed as a matter of course no later than 21 days after service of a motion under Rule 12(b).  FED. R. CIV. P. 15(a)(1)(B).  Otherwise, amendments are permitted only with written consent of the opposing party or by leave of court, which should be freely given "when justice so requires."  FED. R. CIV. P. 15(a)(2).  Here, Plaintiff had until October 31, 2025 to file an amended complaint without Defendants' consent or leave of court.  He did not do so.  Instead, he filed the First Amended Complaint (Doc. 28) on December 12, 2025 without seeking leave of court or Defendants' consent and waited over three months to file a motion for leave to amend *nunc pro tunc* (Doc. 36).

Moreover, Plaintiff did not comply with Local Rule 15.1, providing that a document which requires leave of court for filing must be filed on the docket as an exhibit to the motion requesting leave.  SDIL-LR 15.1(a)(1).  Nor did he underline the new or amended material in the proposed amended pleading or submit the document in redlined form, as required by SDIL-LR 15.1(b)(2).  He also referenced "Exhibit A", which he failed to submit along with the First Amended Class

Action Complaint.  In sum, as it relates to Defendants' motion to dismiss and his proposed amended complaint, Plaintiff has disregarded this Court's Local Rules and filing deadlines as well as FRCP 15(a).

Plaintiff argues the Court should grant him leave to file an amended complaint at this juncture because there has been no undue delay, bad faith, or prejudice to the defendants.  The Court agrees.  While there has been some delay occasioned by Plaintiff's actions, this case is still at an early stage, discovery has not begun, and Defendants received notice of his proposed amended complaint and will have an opportunity to file a response to the same.  As such, Defendants will not be unduly prejudiced if leave to amend is granted.

Striking the amended complaint at this juncture would simply create further delay in addressing the merits of Plaintiff's claims; judicial efficiency is best served by allowing the First Amended Class Action Complaint to stand.  That said, the Court will excuse Plaintiff's failure to comply with federal and local court rules in this instance only.  Counsel admitted to practice before this Court are expected to comply with all applicable federal and local procedural rules, as well as the undersigned's Case Management Procedures.  If counsel fails to do so in the future, the Court will strike noncompliant pleadings and/or motions.

Accordingly, Defendants' Motion to Strike Plaintiff's Amended Complaint (Doc. 31) is **DENIED**.  Plaintiff's Motion for Leave to File Amended Complaint *nunc pro tunc* (Doc. 36) is **GRANTED**; the First Amended Class Action Complaint (Doc. 28) is deemed filed as of December 12, 2025.  Defendants shall answer the amended pleading or otherwise respond within 14 days of the date of this Order.  Defendants' Motion to Dismiss (Doc. 25) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:  April 28, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**

4