**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| KODY WALSH, #M02530, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-194-SMY |
| | ) | |
| JEREMIAH BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, Chief Judge:**

This matter is before the Court on Defendant Brown's Motion to Dismiss (Doc. 39). Plaintiff opposes the motion (Doc. 40). Plaintiff is an inmate of the Illinois Department of Corrections ("IDOC"), currently incarcerated at Lawrence Correctional Center.  He filed this civil rights case pursuant to 42 U.S.C. § 1983 by counsel (Docs. 1, 28).

Plaintiff asserts defendant's longstanding practice of transporting inmates in a steel or plexiglass cage inside a van injured him and creates unreasonable risks to his and other inmates' health and safety, in violation of the Eighth Amendment.  He alleges inmates are locked inside these cages while shackled with a waist or belly chain, hands cuffed and secured inside a black box, and legs shackled together, so they are unable to brace themselves when the van goes over bumps or brakes suddenly (Doc. 28, pp. 4-5).  He seeks declaratory and injunctive relief, monetary damages, and attorneys' fees.  The original Complaint survived threshold review under 28 U.S.C. § 1915A (Doc. 6), and Plaintiff's claims are proceeding on his First Amended Complaint (Doc. 28).

1

**Discussion**

Defendant Brown (Lawrence Warden), invokes Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff's Complaint fails to state a claim because he did not allege Brown's personal involvement in the use of the transport vans (Doc. 39, pp. 2, 3-4).  He further argues Plaintiff's allegations are insufficient to state a legal cause of action, and the claims for monetary relief are barred by the Eleventh Amendment and sovereign immunity (Doc. 39, p. 2).  Brown also challenges the Court's subject matter jurisdiction over a state-law tort claim pursuant to Federal Rule of Civil Procedure 12(b)(1) (Doc. 39, pp. 3, 10-12).

A motion under Rule 12(b)(6) tests the adequacy of the Complaint, not the merits of the case.  *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the Complaint and draws all reasonable inferences in the plaintiff's favor.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Tricontinental Indus., Ltd. v. PriceWaterhouseCooper, LLP*, 475 F.3d 824, 833 (7th Cir. 2007); *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006).

To survive dismissal for failure to state a claim, a Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Twombly,* 550 U.S. at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550

U.S. at 556).  A Complaint "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Sanders v. Melvin,* 25 F.4th 475, 483 (7th Cir. 2022) (internal quotations and citations omitted).

In the First Amended Complaint, Plaintiff describes a painful neck injury resulting from being bounced up and down while riding in the transport cage in 2022.  He alleges the incident resulted in surgical removal of a disc in his neck and fusion of the C5-C6 vertebrae in 2024 (Doc. 28, pp. 5-6).  He alleges Brown was made aware of the dangerous transport cages and inmates' injuries, through his review and denial of numerous prisoner grievances.  He further alleges that despite Brown's personal knowledge that prisoners were injured by the dangerous conditions of the transport cages and the practice of shackling them inside the cages, Brown deliberately refused to address the risks.  These factual allegations are sufficient to state a cognizable Eighth Amendment claim against Brown for deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

Neither the Eleventh Amendment nor the doctrine of sovereign immunity warrants dismissal of the claims against Brown for monetary damages as Plaintiff properly named Brown in both his individual capacity for damages, and in his official capacity for prospective injunctive relief.  Finally, Brown's argument for dismissal based on state law sovereign immunity is curious; Plaintiff did not plead a state-law tort claim.

For the foregoing reasons, Brown's motion to dismiss (Doc. 39) is **DENIED**.  Brown shall answer the First Amended Complaint (Doc. 28) within 14 days of the date of this Order.  FED. R.

CIV. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

**DATED:  July 7, 2026**

_____
**Staci M. Yandle**
**Chief U.S. District Judge**